IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCESS GROUP, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-116-GMS |
| | ) |
| THE EDUCATION RESOURCES | ) **JURY TRIAL DEMANDED** |
| INSTITUTE, INC. | ) |
| | ) |
| Defendant. | ) |

### ANSWER, DEFENSES AND COUNTERCLAIMS

Defendant/Counterclaim Plaintiff The Education Resources Institute, Inc. ("TERI") answers the Complaint of Plaintiff/Counterclaim Defendant Access Group, Inc. ("AG") as follows:

### PARTIES

1. TERI lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint, and accordingly, denies the same.

2. TERI admits the allegations of Paragraph 2 of the Complaint except: (i) denies that its principal place of business is located on the 6th floor of the address provided and affirmatively states that its principal place of business is located on the 4th floor of the address provided; and (ii) denies that is it in the business of providing education financial aid services and student loan financing and affirmatively states that it is it the business of guaranteeing student loans and providing college access services.

### JURISDICTION AND VENUE

3. TERI admits the allegations of Paragraph 3 of the Complaint.

4. TERI admits the allegations of Paragraph 4 of the Complaint.

5. As to Paragraph 5 of the Complaint, TERI admits that this Court has personal jurisdiction over TERI pursuant to Paragraph 12.5 of the 1995 Coordination Agreement which was attached as Exhibit A to the Complaint, but denies the remaining allegations of Paragraph 5 of the Complaint.

6. As to Paragraph 6 of the Complaint, TERI admits venue is proper for this action, but denies the remaining allegations of Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. TERI lacks sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and accordingly, denies the same, except admits that attached as Exhibit B to the Complaint are what appear to be copies of certificates of registrations referenced in this Paragraph.

8. TERI lacks sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint, and accordingly, denies the same.

9. TERI lacks sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint, and accordingly, denies the same.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, TERI admits that on or around March 23, 1995, AG and TERI, among other parties, entered into a "Coordination Agreement" and admits that attached as Exhibit A to the Complaint is what appears to be a copy of said Coordination Agreement. With respect to the remaining allegations of Paragraph 10 of the Complaint, TERI refers to the Coordination Agreement for the full and complete terms therein.

11. With respect to the allegations contained in Paragraph 11 of the Complaint, TERI admits that TERI refers to its college access centers as TERI College Access Centers, that in the

past TERI has referred to its college access centers as Higher Education Information Centers, that TERI College Access Centers and School-based Programs are affiliated with TERI, and that TERI began using the term "college access" to refer to services provided at its college access centers and through its school-based programs long before 2004. TERI denies the remaining allegations of Paragraph 11 of the Complaint.

12. TERI denies the allegations of Paragraph 12 of the Complaint and affirmatively states that it did not and does not use COLLEGE ACCESS per se as a mark and that it did not and does not provide education financial aid services and student loan financing services to students and families using COLLEGE ACCESS or TERI COLLEGE ACCESS.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, TERI admits that it operates a website which is accessible through the domain name tericollegeaccess.org, and refers to the website for the full and complete contents thereof.

14. With respect to the allegations contained in Paragraph 14 of the Complaint, TERI refers to its website accessible through tericollegeaccess.org for the full and complete contents thereof.

15. With respect to the allegations contained in Paragraph 15 of the Complaint, TERI refers to its website accessible through teri.org for the full and complete contents thereof, and affirmatively denies that it uses COLLEGE ACCESS per se as a trademark, or that it uses COLLEGE ACCESS or TERI COLLEGE ACCESS to identify its multiple loan programs, provide a facility for applying for a student loan on line, identify TERI lenders, or link to a 7 page PDF document describing use of the TERI logo.

16. With respect to the allegations contained in Paragraph 16 of the Complaint, TERI: (i) admits that on or about August 17, 2005, the president of AG sent a letter to TERI's president

and refers to that letter for the full and complete contents thereof but affirmatively denies that TERI was infringing the trademark rights of AG or breaching the 1995 Coordination Agreement; (ii) admits that attached as Exhibit C to the Complaint is a copy of the August 17, 2005 letter and respectfully refers to Exhibit C for the full and complete contents thereof, including, without limitation, the statement by AG that it "assumes that this infringement upon our proprietary rights and breach of the 1995 agreement were unintentional"; (iii) denies that it has ever infringed the trademarks of AG; and (iv) admits that the parties have held numerous conversations since AG's August 2005 letter and have not been able to resolve this matter amicably.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

17. With respect to the allegations contained in Paragraph 17 of the Complaint, TERI hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, TERI refers to the Coordination Agreement attached as Exhibit A to the Complaint for the full and complete terms thereof.

19. TERI denies the allegations in Paragraph 19 of the Complaint and affirmatively states that it is not using COLLEGE ACCESS per se as a mark and denies that it is using TERI COLLEGE ACCESS in connection with the provision of education financial aid services.

20. TERI denies the allegations of Paragraph 20 of the Complaint.

21. TERI lacks sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint, and accordingly denies the same.

22. TERI denies the allegations of Paragraph 22 of the Complaint.

4

23. With respect to the allegations contained in Paragraph 23 of the Complaint, TERI refers to the Coordination Agreement attached as Exhibit A to the Complaint for the full and complete terms thereof.

## SECOND CAUSE OF ACTION
(Federal Trademark Infringement)

24. With respect to the allegations contained in Paragraph 24 of the Complaint, TERI hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs.

25. TERI denies the allegations of Paragraph 25 of the Complaint and affirmatively states that it has not used COLLEGE ACCESS per se as a mark or used COLLEGE ACCESS or TERI COLLEGE ACCESS in connection with promoting and providing student loan financing services.

26. TERI denies the allegations of Paragraph 26 of the Complaint and affirmatively states that it has not used COLLEGE ACCESS per se as a mark and denies that it uses TERI COLLEGE ACCESS to promote and provide student loan financing to students and families.

27. TERI denies the allegations of Paragraph 27 of the Complaint and affirmatively states that it has not used COLLEGE ACCESS per se as a mark and denies that it uses TERI COLLEGE ACCESS to promote and provide student loan financing to students and families.

28. TERI denies the allegations of Paragraph 28 of the Complaint.

29. TERI denies the allegations of Paragraph 29 of the Complaint.

30. TERI denies the allegations of Paragraph 30 of the Complaint.

31. TERI denies the allegations of Paragraph 31 of the Complaint.

### THIRD CAUSE OF ACTION
(Federal Unfair Competition)

32. With respect to the allegations contained in Paragraph 32 of the Complaint, TERI hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs.

33. TERI denies the allegations of Paragraph 33 of the Complaint.

34. TERI denies the allegations of Paragraph 34 of the Complaint.

35. TERI denies the allegations of Paragraph 35 of the Complaint.

36. TERI denies the allegations of Paragraph 36 of the Complaint.

37. TERI denies the allegations of Paragraph 37 of the Complaint.

### FOURTH CAUSE OF ACTION
(False Designation of Origin in Violation of Lanham Act)

38. With respect to the allegations contained in Paragraph 38 of the Complaint, TERI hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs.

39. TERI denies the allegations of Paragraph 39 of the Complaint.

40. TERI denies the allegations of Paragraph 40 of the Complaint.

### FIFTH CAUSE OF ACTION
(Unfair Competition and Deceptive Trade Practices )

41. With respect to the allegations contained in Paragraph 41 of the Complaint, TERI hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs.

42. TERI lacks sufficient information to admit or deny the allegations of Paragraph 42 of the Complaint, and accordingly, denies the same.

43. TERI denies the allegations of Paragraph 43 of the Complaint.

6

44. TERI denies the allegations of Paragraph 44 of the Complaint.

45. TERI denies the allegations of Paragraph 45 of the Complaint.

46. TERI denies the allegations of Paragraph 46 of the Complaint.

## FIRST DEFENSE

47. Each of AG's claims fail to state a claim against TERI on which relief can be granted.

## SECOND DEFENSE

48. Upon information and belief, AG does not have a valid family of trademarks which incorporate the word "ACCESS" as the word "family" is defined and interpreted under relevant trademark law.

## THIRD DEFENSE

49. AG has no rights in "COLLEGE ACCESS" since it has not used this term as a mark.

## FOURTH DEFENSE

50. AG has no rights in "COLLEGE ACCESS" since the term is generic.

## FIFTH DEFENSE

51. AG has no rights in "COLLEGE ACCESS" since the term is descriptive without secondary meaning.

## SIXTH DEFENSE

52. AG has no rights in "COLLEGE ACCESS" since the term is extensively used by third parties without AG's authorization or consent.

## SEVENTH DEFENSE

53. TERI's use of COLLEGE ACCESS is protected under the fair use doctrine.

### EIGHTH DEFENSE

54. AG's claims fail since TERI's use of COLLEGE ACCESS and TERI COLLEGE ACCESS are not likely to cause consumer confusion with AG's purported family of ACCESS marks.

### NINTH DEFENSE

55. AG's claims are barred by estoppel, laches and/or acquiescence.

### TENTH DEFENSE

56. AG's claims fail due to AG's unclean hands.

### COUNTERCLAIMS

57. Defendant/Counterclaim Plaintiff The Education Resources Institute, Inc. ("TERI") hereby counterclaims against Plaintiff/Counterclaim Defendant Access Group, Inc. ("AG") as follows:

58. This is an action in which TERI seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, 2202, adjudging and declaring that TERI's use, in the State of Delaware and throughout the United States, of the words COLLEGE ACCESS and the composite term TERI COLLEGE ACCESS in connection with college access programs does not violate any proprietary rights belonging to AG.

59. The jurisdiction of this Court over this Counterclaim is based on 28 U.S.C. § 1338(a) and Rule 13 of the Federal Rules of Civil Procedure.

#### Background

60. As set forth more fully in AG's Complaint, AG alleges that it has a family of trademarks, all of which incorporate the term ACCESS, and that it is the owner of several U.S.

Trademark Registrations for various ACCESS-formative marks (collectively, "AG's Purported Family of Marks").

61. As set forth more fully in AG's Complaint, on or about March 23, 1995, AG and TERI, among other parties, entered into a "Coordination Agreement", a copy of which is attached as Exhibit A to the Complaint.

62. "College Access" is a generic or descriptive term used to identify a particular type of service, namely, providing information regarding preparing and paying for college and/or operating centers which provide counseling, application assistance and encouragement to young people and adults concerning college.

63. TERI provides college access services generally to low-income and first-generation youth and adults.

64. The term "college access" is widely used by the media, the relevant trade, and third parties to identify the aforementioned type of service.

65. Since at least as early as 1995, TERI began using "college access" in a generic/descriptive manner in connection with its college access programs, and in 2004 TERI began referring to its college access programs as TERI COLLEGE ACCESS.

66. As set forth more fully in AG's Complaint, on or about August 17, 2005, AG sent a letter to TERI alleging that TERI's use of COLLEGE ACCESS and TERI COLLEGE ACCESS violated AG's Purported Family of Marks and infringed the Coordination Agreement.

67. TERI denies that its use of COLLEGE ACCESS and TERI COLLEGE ACCESS violate AG's Purported Family of Marks or infringe the Coordination Agreement.

68. As set forth more fully in AG's Complaint, the parties have been unable to resolve this matter amicably.

## FIRST COUNTERCLAIM

69. TERI repeats and realleges the preceding Paragraphs as if fully set forth in this Paragraph.

70. TERI's first claim is for a declaratory judgment under 28 U.S.C. §§ 2201, 2202. An actual controversy exists with respect to AG's claimed rights under 15 U.S.C. § 1114(1) of the Trademark Act and TERI's right to use COLLEGE ACCESS in a generic/descriptive manner in connection with its college access programs and to use the composite term TERI COLLEGE ACCESS in connection with its college access programs.

71. TERI's use of COLLEGE ACCESS is in a generic/descriptive manner.

72. TERI'S use of COLLEGE ACCESS and use of the composite term TERI COLLEGE ACCESS in connection with its college access programs does not and will not constitute infringement of AG's Purported Family of Marks under 15 U.S.C. § 1114(1) of the Trademark Act.

## SECOND COUNTERCLAIM

73. TERI repeats and realleges the preceding Paragraphs as if fully set forth in this Paragraph.

74. TERI's second claim is for a declaratory judgment under 28 U.S.C. §§ 2201, 2202. An actual controversy exists with respect to AG's claimed rights under § 43(a) of the Trademark Act, 15 U.S.C. § 1125(a), and TERI's right to use COLLEGE ACCESS in a generic/descriptive manner in connection with its college access programs and to use the composite term TERI COLLEGE ACCESS in connection with its college access programs.

75. TERI's use of COLLEGE ACCESS is in a generic/descriptive manner.

76. TERI's use of COLLEGE ACCESS and use of the composite term TERI COLLEGE ACCESS in connection with its college access programs, does not and will not constitute unfair competition or false designation of origin under § 43(a) of the Trademark Act.

### THIRD COUNTERCLAIM

77. TERI repeats and realleges the preceding Paragraphs as if fully set forth in this Paragraph.

78. TERI's third claim is for a declaratory judgment under 28 U.S.C. §§ 2201, 2202. An actual controversy exists with respect to AG's claimed rights under Delaware's unfair competition and deceptive trade practices law and TERI's right to use COLLEGE ACCESS in a generic/descriptive manner in connection with its college access programs and to use the composite TERI COLLEGE ACCESS in connection with its college access programs.

79. TERI's use of COLLEGE ACCESS is in a generic/descriptive manner.

80. TERI's use of COLLEGE ACCESS and use of the composite term TERI COLLEGE ACCESS in connection with its college access programs does not and will not constitute unfair competition or deceptive trade practices under Delaware law.

### FOURTH COUNTERCLAIM

81. TERI repeats and realleges the preceding Paragraphs as if fully set forth in this Paragraph.

82. TERI's third claim is for a declaratory judgment under 28 U.S.C. §§ 2201, 2202. An actual controversy exists with respect to AG's claimed rights under the Coordination Agreement and TERI's right to use COLLEGE ACCESS in a generic/descriptive manner in connection with its college access programs and to use the composite term TERI COLLEGE ACCESS in connection with its college access programs.

83. TERI's use of COLLEGE ACCESS is in a generic/descriptive manner.

84. TERI's use of COLLEGE ACCESS and use of the composite term TERI COLLEGE ACCESS in connection with its college access programs, does not and will not constitute a breach of the Coordination Agreement.

## PRAYER FOR RELIEF

WHEREFORE, TERI prays for judgment as follows:

85. A judicial declaration by this Court that TERI is entitled to use COLLEGE ACCESS in connection with its college access programs and to use TERI COLLEGE ACCESS in connection with its college access programs and that such use does not violate any proprietary rights belonging to AG or constitute a breach of the Coordination Agreement.

86. An injunction restraining and enjoining AG, or any of its officers, agents, servants, employees and attorneys, and any party in privity with any of them, from asserting or threatening infringement of any rights under 15 U.S.C. § 1114(1), Section 43(a) of the Trademark Act, Delaware unfair competition and deceptive trade practices law, or contract law against TERI relating to COLLEGE ACCESS and TERI COLLEGE ACCESS.

87. That AG take nothing by way of its Complaint.

88. That TERI have all other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaim Plaintiff TERI hereby demand a trial by jury as to all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Anthony F. Lo Cicero
Charles R. Macedo
Holly Pekowsky
Amster Rothstein & Ebenstein, LLP
90 Park Avenue, 21st Floor
New York, NY 10016
(212) 336-8074

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: September 14, 2007
818564 / 31259

*Attorneys for Defendant*
*The Education Resources Institute, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on September 14, 2007, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Elena C. Norman
Sara Beth A. Reyburn
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

I hereby certify that on September 14, 2007, I have Electronically Mailed the documents to the following:

Brian McNamara
Foley & Lardner LLP
3000 K Street NW, Suite 500
Washington, DC 20007
bmcnamara@foley.com

Richard J. McKenna
Foley & Lardner LLP
777 E. Wisconsin Ave.
Milwaukee, WI  53202
rmckenna@foley.com

By: /s/ Richard L. Horwitz
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

804151