IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCESS GROUP, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE EDUCATION RESOURCES ) <br> INSTITUTE, INC. ) <br> ) <br> Defendant. ) <br> ) <br> ) | C.A. No. 07-116-GMS <br><br> **Jury Trial Demanded** |

## ACCESS GROUP, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff, Access Group, Inc. ("Access Group"), by its undersigned attorneys, hereby files this answer in response to the Answer, Defenses and Counterclaims filed by Defendant The Education Resources Institute, Inc. ("TERI") on September 14, 2007. Access Group alleges as follows:

### COUNTERCLAIMS

57. In response to the allegations in paragraph 57 of the counterclaims, Access Group admits that TERI purports to allege counterclaims against Access Group, but denies that TERI is entitled to the judgment or relief it seeks.

58. In response to the allegations in paragraph 58 of the counterclaims, Access Group admits that TERI purports to seek a declaratory judgment, but denies that TERI is entitled to the declaratory judgment it purports to seek.

59. Access Group admits that the Court has jurisdiction over the counterclaim under 28 U.S.C. § 1338(a) and Rule 13 of the Federal Rules of Civil Procedure.

## Background

60. Access Group admits that it has alleged in the Complaint that it owns a family of trademarks that incorporate the term ACCESS and that it owns Trademark Registrations for various marks that incorporate the term ACCESS. Access Group refers to its Complaint for the full allegations.

61. In response to the allegations of paragraph 61 of the counterclaims, Access Group admits that it has alleged in the Complaint that on or around March 23, 1995, Access Group and TERI, among other parties, entered into the "Coordination Agreement", a copy of which was attached to the Complaint as Exhibit A. Access Group refers to the Complaint for its full allegations.

62. Access Group denies the allegations of paragraph 62 of the counterclaims.

63. Access Group denies the allegations of paragraph 63 of the counterclaims to the extent TERI claims to provide "college access services," and states that Access Group is without knowledge or information sufficient to form a belief as to the truth of the remainder.

64. Access Group denies the allegations of paragraph 64 of the counterclaims.

65. Access Group denies the allegations of paragraph 65 of the counterclaims.

66. Access Group admits that it has alleged in the Complaint that on or about August 17, 2005, Access Group sent a letter to TERI alleging that TERI's use of COLLEGE ACCESS and TERI COLLEGE ACCESS violated Access Group's trademark rights and breached the 1995 Coordination Agreement. Access Group refers to its Complaint for the full allegations.

67. In response to the allegations set forth in paragraph 67 of the counterclaims, Access Group admits TERI, in its Answer, Defenses and Counterclaims, states that it denies that its use of COLLEGE ACCESS and TERI COLLEGE ACCESS violates Access Group's

"Purported Family of Marks or infringe the Coordination Agreement," but Access Group denies that TERI does not violate Access Group's trademark rights or infringe the Coordination Agreement.

68. Access Group admits the allegations set forth in paragraph 68 of the counterclaims.

## FIRST COUNTERCLAIM

69. Access Group incorporates paragraphs 57 through 68 set forth above by reference as if set forth fully herein.

70. In response to the allegations set forth in paragraph 70 of the counterclaims, Access Group admits that TERI purports to state a claim for declaratory judgment under 28 U.S.C. § § 2201, 2202, denies that TERI is entitled to the relief it seeks, and denies the remainder of the allegations in paragraph 70.

71. Access Group denies the allegations set forth in paragraph 71 of the counterclaims.

72. Access Group denies the allegations set forth in paragraph 72 of the counterclaims.

## SECOND COUNTERCLAIM

73. Access Group incorporates paragraphs 57 through 72 set forth above by reference as if set forth fully herein.

74. In response to the allegations set forth in paragraph 74 of the counterclaims, Access Group admits that TERI purports to state a claim for declaratory judgment under 28 U.S.C. § § 2201, 2202, denies that TERI is entitled to the relief it seeks, and denies the remainder of the allegations in paragraph 74.

75. Access Group denies the allegations set forth in paragraph 75 of the counterclaims.

76. Access Group denies the allegations set forth in paragraph 76 of the counterclaims.

### THIRD COUNTERCLAIM

77. Access Group incorporates paragraphs 57 through 76 set forth above by reference as if set forth fully herein.

78. In response to the allegations set forth in paragraph 78 of the counterclaims, Access Group admits that TERI purports to state a claim for declaratory judgment under 28 U.S.C. §§ 2201, 2202, denies that TERI is entitled to the relief it seeks, and denies the remainder of the allegations in paragraph 78.

79. Access Group denies the allegations set forth in paragraph 79 of the counterclaims.

80. Access Group denies the allegations set forth in paragraph 80 of the counterclaims.

### FOURTH COUNTERCLAIM

81. Access Group incorporates paragraphs 57 through 80 set forth above by reference as if set forth fully herein.

82. In response to the allegations set forth in paragraph 82 of the counterclaims, Access Group admits that TERI purports to state a claim for declaratory judgment under 28 U.S.C. §§ 2201, 2202, denies that TERI is entitled to the relief it seeks, and denies the remainder of the allegations in paragraph 82.

DB02:6264689.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　048032.1014

83. Access Group denies the allegations set forth in paragraph 83 of the counterclaims.

84. Access Group denies the allegations set forth in paragraph 84 of the counterclaims.

## PRAYER FOR RELIEF

85. Access Group denies that TERI is entitled to the relief requested in paragraph 85 of the counterclaims.

86. Access Group denies that TERI is entitled to the relief requested in paragraph 86 of the counterclaims.

87. Access Group denies that TERI is entitled to the relief requested in paragraph 87 of the counterclaims.

88. Access Group denies that TERI is entitled to the relief requested in paragraph 88 of the counterclaims.

## FIRST DEFENSE

TERI's counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

TERI's counterclaims are barred by estoppel, admission, or waiver.

## THIRD DEFENSE

Access Group's trademarks are inherently distinctive and/or have acquired secondary meaning.

## FOURTH DEFENSE

Access Group's trademark registrations are valid, subsisting, and entitled to the full protection and presumptions provided by the Lanham Act, 15 U.S.C. § 1051 *et seq*, including the protections and presumptions accorded to incontestable registrations.

## FIFTH DEFENSE

In regards to Access Group's incontestable U.S. Trademark Registrations, TERI's counterclaims that Access Group's trademarks are invalid because they are descriptive and lack secondary meaning are barred by the incontestable status of the registrations.

## SIXTH DEFENSE

TERI's counterclaims fail because of TERI's unclean hands.

|  |  |
|---|---|
|  | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|  | *Sara Beth A. Reyburn* |
| OF COUNSEL: | Elena C. Norman (No. 4780) |
|  | Sara Beth A. Reyburn (No. 4137) |
| FOLEY & LARDNER LLP | The Brandywine Building, 17th Floor |
| Brian McNamara | 1000 West Street |
| 3000 K Street NW, Suite 500 | Wilmington, Delaware 19899-0391 |
| Washington, DC 20007 | (302) 571-6600 |
| Phone (202) 672-5416 | enorman@ycst.com |
| Fax (202) 672-5399 | sreyburn@ycst.com |
|  | *Attorneys for Plaintiff Access Group, Inc.* |
| Richard J. McKenna |  |
| 777 E. Wisconsin Ave |  |
| Milwaukee WI, 53202 |  |
| Phone (414) 271-2400 |  |
| Facsimile (414) 297-4900 |  |

Dated: October 3, 2007

## CERTIFICATE OF SERVICE

I, Sara Beth A. Reyburn, Esquire, hereby certify that on October 3, 2007, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz
> David E. Moore
> Potter Anderson & Corroon LLP
> Hercules Plaza, 6th Floor
> 1313 N. Market Street
> Wilmington, DE 19899

Additionally, I hereby certify that on October 3, 2007, the foregoing document was served on the above-listed counsel and on the following counsel as indicated:

### BY E-MAIL

> Anthony F. Lo Cicero
> Charles R. Macedo
> Holly Pekowsky
> Amster Rothstein & Ebenstein, LLP
> 90 Park Avenue, 21st Floor
> New York, NY 10016

*(signature)*
Sara Beth A. Reyburn (No. 4137)
*sreyburn@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*Attorneys for K2 Financial, LLC*