**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCESS GROUP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-116-GMS |
| | ) | |
| THE EDUCATION RESOURCES | ) | |
| INSTITUTE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT STATUS REPORT

Pursuant to this Court's Order issued on December 13, 2007 pursuant to Federal Rule of Civil Procedure 16 and District of Delaware Local Rule 16.2(b), the parties to the above-captioned action respectfully submit this Joint Status Report.

**1.    Jurisdiction and Service.**

The parties agree that this Court has jurisdiction over the subject matter of, and the parties to, this action.  Service has been made on the Defendant.

**2.    Substance of the Action.**

Plaintiff Access Group, Inc. ("Access Group") has brought this breach of contract, trademark infringement and unfair competition case challenging use by Defendant The Education Resources Institute, Inc. ("TERI") of certain terms involving the word ACCESS, specifically COLLEGE ACCESS and TERI COLLEGE ACCESS.  Plaintiff asserts that it is engaged in the business of providing education financial aid services and student loan financing, that Defendant is engaged in a similar line of business, and that Defendant's use of "COLLEGE

1

ACCESS" and "TERI COLLEGE ACCESS" violates the terms of an agreement between the parties and infringes Plaintiff's rights under federal and state law.

Plaintiff claims it has common law rights in, as well as valid and subsisting U.S. trademark registrations (many of which have incontestable status), for a family of trademarks that incorporate the term ACCESS, which Plaintiff has used continuously since 1986 to promote and sell educational financial aid services and student loan financing services. On March 23, 1995, Plaintiff and Defendant, among other parties, entered into a "Coordination Agreement" (attached as Exhibit A to the Complaint, D.I. No. 1), pursuant to which, Plaintiff asserts, TERI agreed not to use ACCESS as a service mark in connection with providing education financial aid services.

Plaintiff avers that in 2004 Defendant began using ACCESS in the name TERI College Access Centers and School-based Programs. Further, Plaintiff claims that in 2005, through its website and other media, Defendant began using ACCESS as a trademark, including the marks COLLEGE ACCESS and TERI COLLEGE ACCESS, to promote and provide education financial aid services and student loan financing services. Plaintiff further avers that despite Plaintiff's objections in August 2005, Defendant has continued to use the term "Access", in a manner that Plaintiff believes infringes Plaintiff's rights. Plaintiff claims that Defendant's use of COLLEGE ACCESS  and TERI COLLEGE ACCESS constitutes a breach of the Coordination Agreement, trademark infringement and false designation of origin under federal law, and unfair competition and deceptive trade practices under federal and state law.

Defendant TERI, The Education Resources Institute, Inc., is a nonprofit corporation organized under the laws of the Commonwealth of Massachusetts. TERI is a leader in providing "college access" programs that help people identify and achieve their post

2

secondary education goals. Defendant denies that its actions constitute a breach of the Coordination Agreement or a violation of Plaintiff's rights in its family of marks. Defendant denies that it uses "College Access" per se as a mark and claims that its use of "College Access" is in a generic or descriptive manner and/or protected as fair use. In addition, notwithstanding Plaintiff's assertion of rights in the term ACCESS, Defendant asserts that Plaintiff has no rights in "College Access" because Plaintiff has not used the term as a mark; the term is generic or descriptive without secondary meaning; the term is extensively used by third parties; and Defendant's use of "College Access" and "TERI College Access" is not likely to cause consumer confusion with Plaintiff's marks. Defendant admits that it is affiliated with what used to be called TERI College Access Centers (now called "TERI College Planning Centers") and School-based Programs and that it began using the term "college access" to refer to services it provides "long before 2004." Defendant contends that its use of the term "college access" is descriptive. Defendant disputes Plaintiff's characterization of its businesses. TERI also disputes that its use of "College Access" and "TERI College Access" is or has been "as a service mark in connection with the provision of education financial aid services."

**3.    Identification of Issues.**

To the extent known and understood at this early stage of the proceedings, the principal factual and legal issues in dispute in this matter include the following:

a)    whether Defendant's use of COLLEGE ACCESS and TERI COLLEGE ACCESS constitutes a breach of the Coordination Agreement. Defendant further contends that the issues include whether Access Group has rights to the term "College Access". Notwithstanding Plaintiff's U.S. trademark registrations incorporating the term ACCESS, Defendant contends that an issue is whether Plaintiff has a valid family of trademarks that incorporate the term ACCESS

3

under the relevant trademark law and whether TERI's use of the terms "TERI College Access" and/or "College Access" is or has been "as a service mark in connection with the provision of education financial aid services";

  b)  whether Defendant's use of COLLEGE ACCESS and TERI COLLEGE ACCESS infringes Plaintiff's trademark rights in violation of federal and state law, including without limitation, whether Access Group has rights to the term "College Access". Notwithstanding Plaintiff's U.S. trademark registrations incorporating the term ACCESS, Defendant contends that the issues include whether Plaintiff has a valid family of trademarks that incorporate the term ACCESS under the relevant trademark law and whether TERI's use of the terms "TERI College Access" and/or "College Access" is or has been "as a service mark in connection with the provision of education financial aid services";

  c)  whether Defendant's use of COLLEGE ACCESS and TERI COLLEGE ACCESS constitutes unfair competition, false designation of origin, and/or a deceptive trade practice in violation of federal and state law. Notwithstanding Plaintiff's U.S. trademark registrations incorporating the term ACCESS, Defendant contends that the issues include whether Plaintiff has a valid family of trademarks that incorporate the term ACCESS under the relevant trademark law, and whether TERI's use of the terms "TERI College Access" and/or "College Access" is or has been "as a service mark in connection with the provision of education financial aid services";

  d)  whether TERI's use of the term "College Access" is protected under the fair use doctrine;

  e)  whether TERI's counterclaims are barred by estoppel, admission, waiver, and/or the incontestable status of Access Group's registrations, or fail because of TERI's unclean hands;

4

f)    whether Access Group's claims are barred by estoppel, laches, and/or acquiescence;

g)    whether Access Group's claims fail due to Access Group's unclean hands;

h)    whether either party is entitled to injunctive relief;

i)    whether Plaintiff is entitled to damages and, if so, what the amount of damages should be, including prejudgment and post-judgment interest;

j)    whether, should Defendant be found liable, Defendant has engaged in willful infringement for which Plaintiff should be awarded treble damages;

k)    whether, should Defendant be found liable, this is an exceptional case for which Plaintiff should be awarded reasonable attorneys' fees, including fees under the Coordination Agreement;

l)    whether Defendant should be required to remove from the market all materials that depict, constitute or bear any colorable imitation of Plaintiff's marks and report to the Court regarding its compliance with such requirement; and

m)    any further relief, including without limitation an award of attorneys' fees and costs.

**4.    Narrowing of Issues.**

Plaintiff believes that it is premature to determine whether issues may be narrowed by way of stipulation or dispositive motions, but at a later point may file a motion for summary judgment that could reduce the number of issues to be decided at trial. In contrast, Defendant believes that certain liability issues in the litigation may be appropriate for decision on summary judgment. Specifically, Defendant believes that at least the issue of whether Access Group has rights in the term "College Access" and whether TERI's use of the terms "TERI

5

College Access" and "College Access" are protected under the fair use doctrine may be the subject of a motion for summary judgment. On the other hand, Plaintiff believes that it is too early to determine whether these issues may require certain determinations of fact that are not amenable to summary judgment.

## 5.    Relief.

Plaintiff seeks a judgment declaring that Defendant has breached the Coordination Agreement, infringed Plaintiff's trademark rights, and engaged in unfair competition, false designation of origin and deceptive trade practices in violation of federal and state laws. In addition, Plaintiff seeks preliminary and permanent injunctive relief to prohibit Defendant and its agents from directly or indirectly using any mark, word, or name potentially confusingly similar to Plaintiff's ACCESS marks and from unfairly competing with Plaintiff. Moreover, Plaintiff requests that Defendant be required to remove from the market all materials that depict, constitute or bear any colorable imitation of Plaintiff's ACCESS marks and to file a report with the Court detailing Defendant's compliance. Plaintiff also seeks damages, including prejudgment and post-judgment interest; treble damages for willful trademark infringement; Plaintiff's costs and disbursements incurred in connection with this action; a declaration that this is an exceptional case meriting the award of Plaintiff's reasonable attorneys' fees, including fees Plaintiff is entitled to under the Coordination Agreement; and such other and further relief as this Court deems just and proper.

Defendant denies that Plaintiff is entitled to any relief and seeks a judgment declaring that Defendant is entitled to use the terms "College Access" and "TERI College Access" in connection with its college access programs and that such use does not violate Plaintiff's rights or constitute a breach of the Coordination Agreement. In addition, Defendant

6

seeks an injunction restraining Plaintiff from asserting or threatening that Defendant's use of "College Access" and "TERI College Access" constitutes infringement of Plaintiff's rights under the Lanham Act, Delaware unfair competition and deceptive trade practices law, or contract law. Defendant also seeks other and further relief as the Court may deem just and proper.

**6.    Amendment of Pleadings.**

The parties have agreed that, unless the Court orders otherwise, all motions to amend the pleadings shall be filed by April 28, 2008.

**7.    Joinder of Parties.**

The parties have agreed that, unless the Court orders otherwise, all motions to join other parties shall be filed by April 28, 2008.

**8.    Discovery.**

Discovery has not yet started in this matter. The parties have agreed that there should be no limit to the number of document requests or requests for admissions, only that the number be reasonable. The parties have also agreed that each side shall be limited to 25 interrogatories and that each side be permitted to take up to 70 hours of fact depositions. The parties agree that each deposition should be limited to one day of no more than seven hours pursuant to Federal Rule of Civil Procedure 30(d)(2). The parties believe that should the need arise later in the case to modify the above agreed limits, the parties can and should work together to reach reasonable accommodation that is acceptable to the Court.

**9.    Estimated trial length.**

The parties estimate that the trial of this case will take approximately 5 days. The parties jointly propose a trial in August 2009 if the Court's schedule permits, consistent with the

7

date for filing case dispositive motions. Attached as Exhibit A is a form of Scheduling Order indicating the parties' proposals.

**10.    Jury trial.**

Both parties have demanded a Jury Trial.

**11.    Settlement.**

The parties have had numerous discussions since August 2005, and on several

occasions have been close to reaching a resolution of this lawsuit, but final settlement has not

been reached.  In an effort to resolve this matter and without admitting any wrongdoing, TERI

has and/or is in the process of changing its marketing literature, without prejudice, in a manner

that with the exception of one or two points is not objectionable to Access Group.  Based on the

foregoing, the parties agree that reference to a Magistrate Judge for mediation as soon as is

practicable would be appropriate.

Counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| **YOUNG CONAWAY STARGATT** <br> **& TAYLOR, LLP** | **POTTER ANDERSON &** <br> **& CORROON LLP** |
| */s/ Sara Beth A. Reyburn* | */s/ Richard L. Horwitz* |

Elena C. Norman (No. 4780)
Sara Beth A. Reyburn (No. 4137)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
sreyburn@ycst.com
*Attorneys for Plaintiff Access Group, Inc.*

Richard L. Horwitz (No. 2246)
Dave E. Moore (No. 3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant The Education*
*Resources Institute, Inc.*

**OF COUNSEL:**
FOLEY & LARDNER LLP
Brian McNamara
3000 K Street NW, Suite 500
Washington, DC 20007
Phone (202) 672-5416

Richard J. McKenna
777 E. Wisconsin Ave
Milwaukee, WI 53202
Phone (414) 271-2400

**OF COUNSEL:**
AMSTER ROTHSTEIN & EBENSTEIN, LLP
Anthony F. Lo Cicero
Charles R. Macedo
Holly Pekowsky
90 Park Avenue, 21st Floor
New York, NY 10016
Phone (212) 336-8074
alocicero@arelaw.com
cmacedo@arelaw.com
hpekowsky@arelaw.com

Dated:  December 18, 2007

DB02:6446755.1